**John A. FLOWERS, Sr., Appellant,**

v.

**JEFFERSON HOSPITAL ASSOCIATION, doing business as Jefferson Regional Medical Center, Inc., Appellee.**

**No. 94–1489.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1994.

Decided Feb. 28, 1995.

Mark Burnette, Little Rock, AR, argued (John W. Walker, Little Rock, AR, and Janet P. Gallman, Fayetteville, AR, on the brief), for appellant.

Rick T. Beard, III, Little Rock, AR, argued (Stuart P. Miller, on the brief), for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

John A. Flowers, Sr., appeals the District Court's [1] award of over $50,000 in attorney's chickens were white was because of their breeding. *Id.*

1. The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas.

fees to Jefferson Hospital Association ("Hospital"). Concluding that the District Court did not abuse its discretion in awarding attorney's fees to the prevailing defendant, we affirm.

## I.

Flowers, an African–American male, alleged that the Hospital denied his application for staff privileges because of his race, in violation of 42 U.S.C. § 1981 (1988), and that the Hospital's decision constituted a breach of contract under Arkansas law. The District Court granted summary judgment on the contract claim but denied summary judgment on the section 1981 claim, concluding that issues of fact remained as to whether Flowers was qualified for staff privileges. After a lengthy bench trial, the District Court issued an exhaustive, ninety-seven-page order, finding in favor of the Hospital. Flowers appealed, contending only that summary judgment was improperly granted on his state law claim. After hearing oral argument, we summarily affirmed. *See Flowers v. Jefferson Hosp. Ass'n, Inc.*, No. 92–3891, 1993 WL 239074 (8th Cir. June 30, 1993) (per curiam) (affirming pursuant to 8th Cir. R. 47B).

The Hospital then moved for attorney's fees pursuant to 42 U.S.C. § 1988 (Supp. IV 1992). In granting the motion, the District Court concluded that "Flowers' claim was unreasonable and without foundation." According to the Court, "all that [Flowers] offered" was his own opinion that race was a motivating factor in denying him staff privileges; the unsupported testimony of another Hospital doctor, like Flowers an African–American, who concluded that Flowers "may have fared better if he were white," even though that doctor voted to deny Flowers's application; and some statistical evidence which Flowers erroneously interpreted as supporting his claim. The District Court also noted it previously had determined that, after a long and costly trial, Flowers's section 1981 claim "turn[ed] out to be based upon

nothing more than suspicion and conjecture." Acknowledging the "chilling effect" an award of attorney's fees "might have upon the filing of even meritorious claims" and the "very high" standard for imposing such an award, the Court concluded that "this case meets that standard." *Flowers v. Jefferson Hosp. Ass'n Inc.*, No. PB–C–91–140, 1993 WL 771015, Order at 3–5 (E.D. Ark. Nov. 29, 1993).

On appeal, Flowers does not contest the amount awarded; instead, he asserts the District Court abused its discretion in awarding attorney's fees, because his section 1981 claim survived summary judgment, was colorable enough to proceed to trial, and was supported at trial by some admissible evidence.

## II.

■ Defendants are not automatically entitled to an award of attorney's fees merely because they prevail. *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994). A court may award prevailing defendants attorney's fees under section 1988 only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).[2] We review for an abuse of discretion a district court's determination of both whether to award attorney's fees and the amount of any such award. *See Milton v. City of Des Moines*, 47 F.3d 944, 945–46 (8th Cir.1995).

■ Contrary to Flowers's bare assertion that his claim was supported at trial by some admissible evidence, the District Court found Flowers should have known from pre-trial discovery that his section 1981 claim was unreasonable, without foundation, and based purely on speculation. Further, in deciding to award attorney's fees, the Court specifically considered the Supreme Court's admonition in *Christiansburg* to refrain from *post*

---

**2.** Although *Christiansburg* concerned awards of attorney's fees under Title VII of the Civil Rights Act of 1964, the same standards apply to such awards under 42 U.S.C. § 1988. *See Bowers v. Kraft Foods Corp.*, 606 F.2d 816, 818 n. 3 (8th Cir.1979).

*hoc* reasoning and to view the reasonableness of the matter from the plaintiff's perspective at the time. We cannot conclude the District Court abused its discretion in this case, given the Court's express consideration of the nature of Flowers's claim and the factors outlined in *Christiansburg*. We reject Flowers's argument that the District Court's denial of the Hospital's summary judgment motion precludes an award of attorney's fees because, "[a]lthough in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens the plaintiffs had thrown up' before the defendants may prevail." *See Introcaso v. Cunningham*, 857 F.2d 965, 967 (4th Cir.1988) (citation omitted).

### III.

For the reasons stated above, the District Court's judgment awarding attorney's fees to the Hospital is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I dissent.