_____

No. 95-4176
_____

Scott Nielsen; Douglas          *
McSherry; H. P. Anderson;       *
Thomas Carter, parties          *
immediately above individually  *
and for and on behalf of the    *
Social Health Services Employee *
Assistance Program for TWA       *   Appeal from the United States
Employees, *                         District Court for the Western
                                *    District of Missouri.
        Appellants,             *
                                *         [PUBLISHED]
    v.                          *
                                *
Trans World Airlines, Inc.,     *
                                *
        Appellees.              *


_____

            Submitted:  September 3, 1996

                Filed:  September 11, 1996
_____

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

PER CURIAM.


    Scott Nielsen, Douglas McSherry, Hal Anderson, and Thomas Carter
(plaintiffs) appeal from the District Court's[1] award of $20,000 in attorney
fees to defendant Trans World Airlines, Inc. (TWA).  We affirm.


    Plaintiffs sued TWA in December 1993, alleging violations of the
Employment Retirement Income Security Act[2] (ERISA).  After

_____

    [1]The Honorable Dean Whipple, United States District Judge for
the Western District of Missouri.

    [2]Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29
U.S.C. §§ 1001-1461 (1994), and in scattered sections of the United
States Code).

conducting a bench trial, the District Court ruled in favor of TWA, and we summarily affirmed in an unpublished per curiam opinion. Nielsen v. Trans World Airlines, Inc., 81 F.3d 165 (8th Cir. 1996) (table). Meanwhile, TWA applied for attorney fees, asserting it had incurred fees of over $149,000 in a lawsuit plaintiffs had pursued out of vindictiveness. The District Court subsequently awarded TWA $20,000 in attorney fees under its inherent power and Federal Rule of Civil Procedure 11. The court stated that "[t]he fact that [plaintiffs] may have had some legitimate disputes with TWA in other areas did not merit the filing of this ERISA action." Nielsen v. Hart, No. 93-1237, order at 8 (W.D. Mo. Oct. 5, 1995). The court found that plaintiffs pursued this lawsuit "in bad faith and for no purpose other than to harass and badger TWA." Id. at 4.

On appeal, plaintiffs argue that the District Court abused its discretion in assessing fees pursuant to either its inherent power or Rule 11, because this action was not completely colorless or brought in bad faith. They also argue that the District Court should not have assessed fees without having any information as to their ability to pay.

We have previously noted that the Supreme Court has held that a district court may assess attorney fees under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Dillon v. Nissan Motor Co., 986 F.2d 263, 266 (8th Cir. 1993). We review for an abuse of discretion the District Court's imposition of sanctions. Id. at 267. "This is true with regard not only to the sanction imposed, but also to the factual basis for the sanction." Id. Having reviewed the parties' briefs and separate appendices, we cannot say the District Court abused its discretion in assessing $20,000 in attorney fees against

plaintiffs, after finding they acted in bad faith and for an improper purpose.[3]

Plaintiffs' reliance on In re General Motors Corp., 3 F.3d 980, 984 (6th Cir. 1993) (holding GM's employee assistance program qualified as ERISA plan), is misplaced, because plaintiffs' allegations had very little, if anything, to do with ERISA and TWA's employee assistance program. Moreover, the mere fact that one of plaintiffs' claims survived a motion for summary judgment and a Federal Rule of Civil Procedure 52(c) motion at trial for judgment on partial findings does not preclude the imposition of attorney fees. See Flowers v. Jefferson Hosp. Ass'n, 49 F.3d 391, 393 (8th Cir. 1995). We reject plaintiffs' final argument regarding ability to pay, as they presented no financial information to the District Court, and in fact opposed TWA's motion to disclose such information. See Brandt v. Schal Assocs., Inc., 960 F.2d 640, 652 (7th Cir. 1992); White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir. 1990), cert. denied, 498 U.S. 1069 (1991).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]As the District Court did not abuse its discretion in assessing fees under its inherent power, we need not consider whether such a sanction was proper under Rule 11.

-3-