# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1446

_____

Equal Employment Opportunity Commission

*Plaintiff - Appellant*

v.

CRST Van Expedited, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 27, 2019
Filed: December 10, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

SMITH, Chief Judge.

This case returns to us following our remand to the district court for further proceedings consistent with the Supreme Court's opinion in *CRST Van Expedited, Inc. v. E.E.O.C.* (*CRST III*), 136 S. Ct. 1642 (2016). The Equal Employment

Opportunity Commission (EEOC) again appeals the district court's[1] award of attorney's fees, expenses, and costs to CRST Van Expedited, Inc. (CRST). We affirm.

## I. *Background*

The underlying facts of this case are set forth in prior opinions of this court and the Supreme Court. *See id*. at 1647–51; *E.E.O.C. v. CRST Van Expedited, Inc.* (*CRST II*), 774 F.3d 1169, 1172–77 (8th Cir. 2014), *vacated and remanded*, 136 S. Ct. 1642 (2016); *E.E.O.C. v. CRST Van Expedited, Inc.* (*CRST I*), 679 F.3d 657, 665–71 (8th Cir. 2012). In summary, "[i]t has been over 10 years since [Monika] Starke first filed her charge [of discrimination] and close to 9 years since the [EEOC] filed its complaint. The dispute over the award of attorney's fees has continued over much of that period." *CRST III*, 136 S. Ct. at 1653.

The district court had previously awarded attorney's fees and costs in the amount of $4,694,442.14. In a prior appeal, we reversed the district court's award of attorney's fees, in part, because we held that the "court's dismissal of 67 claims for the EEOC's failure to satisfy Title VII's presuit obligations d[id] not constitute a ruling on the merits." *CRST II*, 774 F.3d at 1181. We also reversed the fee award because the district court failed to "make particularized findings of frivolousness, unreasonableness, or groundlessness as to each individual claim upon which it granted summary judgment on the merits to CRST." *Id.* at 1183. And we reversed the district court's award of fees for the EEOC's 2012 appeal of the merits of the summary judgment orders and dismissal for failure to comply with presuit requirements because "the district court made no particularized findings as to why the EEOC's appeal to this court was frivolous, unreasonable, or without foundation." *Id.* at 1185. Finally, we reversed the district court's fee award as it pertained to fees associated with CRST's defense of a purported pattern-or-practice claim because "the

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

EEOC did *not* allege that CRST was engaged in a pattern or practice of illegal sex-based discrimination or otherwise plead a violation of Section 707 of Title VII" in its complaint. *Id.* at 1179 (internal quotations omitted). Accordingly, we remanded the case with directions for the district court to "individually assess each of the claims for which it granted summary judgment to CRST on the merits and explain why it deems a particular claim to be frivolous, unreasonable, or groundless." *Id.* at 1185. If the district court determined that frivolous claims existed on remand, we instructed the court "to determine what fees, if any, CRST 'expended solely because of the frivolous allegations.'" *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 841 (2011)).

The Supreme Court granted a writ of certiorari on the proper interpretation of "prevailing party" under 42 U.S.C. § 2000(e)-5(k) and held "that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST III*, 136 S. Ct. at 1646. Accordingly, the Court rejected this court's holding "that CRST did not prevail on the claims brought on behalf of 67 women because the District Court's disposition of these claims for failure to investigate and conciliate was not a ruling on the merits," *id.* at 1651, vacated our judgment, and "remanded for further proceedings consistent with [its] opinion." *Id.* at 1654. In turn, we remanded to the district court for further proceedings consistent with the Supreme Court's opinion.

On remand, in an extensive 82-page order, the district court once again held that CRST was entitled to attorney's fees, expenses, and costs. The district court first reaffirmed its earlier holding that "[t]he EEOC's failure to conciliate and investigate the sixty-seven claims at issue caused the resulting claims in the instant action to be frivolous, unreasonable and/or groundless under *Christiansburg*." *E.E.O.C. v. CRST Van Expedited, Inc.* (*CRST IV*), 277 F. Supp. 3d 1000, 1017 (N.D. Iowa 2017) (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978)). The court reiterated its prior finding that "the EEOC's practice of presenting a moving target of claimants was an unreasonable litigation tactic, the direct result of which was these claims." *Id.*

-3-

The district court next considered whether CRST was entitled to a fee award for the 78 claims dismissed on summary judgment. After an exhaustive, claim-by-claim analysis, the court determined that the claims of seven women and portions of two other women's claims were not wholly frivolous, unreasonable, or groundless. But "[a]s to the remaining women and remaining portions of claims, the court found such claims to be frivolous, groundless and/or unreasonable for a variety of reasons." *Id.* at 1049. The court explained:

> [T]he EEOC never properly pled a pattern-or-practice claim, such that any claims predicated on that method of proof satisfied *Christiansburg*; the claimants admitted that they never utilized CRST's reporting procedure, a procedure of which they were admittedly aware, and thus failed to give CRST proper notice; the claimants that complained to CRST of sexual harassment had their complaints properly and promptly remedied; and the claimants did not suffer harassment that was sufficiently severe and pervasive. The court has also determined, on remand from the Supreme Court and then the Eighth Circuit, that the claims it dismissed due to the EEOC's abdication of its presuit statutory requirements not only constituted a sufficient alteration of the legal relationship of the parties to make CRST a prevailing party, but also that such claims satisfied *Christiansburg*, as the court has found numerous times previously. In short, fees for all but seven claims, and portions of two claims, from the court's original fee award should be preserved here.

*Id.*

Thereafter, the district court considered whether the fees could be awarded to CRST under *Fox*. For the individual claims that the district court held satisfied the *Christiansburg* standard, the court found that CRST's proposed method for calculating fees reasonably separated fees for claims meeting the *Christiansburg* standard from those claims that did not. The method adopted by the district court first

-4-

took the prior amount awarded ($4,694,442.14) and subtracted the fees previously awarded for the EEOC's first appeal ($465,230.47) and those attributable to the EEOC's purported pattern-or-practice claim ($456,320.90). The court then calculated the average fee amount for the claims dismissed at summary judgment ($24,937.94) and for the EEOC's failure to satisfy its presuit obligations ($20,225.34).[2] The court also awarded $122,749.25 for the briefing and hearing on CRST's motion to show cause based on the EEOC's presuit failures. The court then added a portion of the fees previously awarded for the pattern-or-practice claim ($53,336.16) to cover the individual claims for which the EEOC relied on its pattern-or-practice theory. These calculations resulted in a new fee award of $3,317,289.67.

The EEOC now appeals for the third time.[3] "Against this background of protracted and expensive litigation on the fee issue," we are mindful of the Supreme Court's directive "to resolve the outstanding issues without unnecessary delay. As the Court has noted in earlier cases, the determination of fees should not result in a second major litigation." *CRST III*, 136 S. Ct. at 1653 (internal quotations omitted).

## II. *Discussion*

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg*, 434 U.S. at 415. "But Congress has authorized courts to deviate from this background

---

[2]The district court adopted this approach in three successive orders. The first order contained an error in the fee amount awarded for the claims dismissed for presuit failure. The district court had stated its intent to award the same fee amount for those claims as it had previously awarded, but the actual dollar amount awarded was limited to the fees for CRST's motion to dismiss on that ground and did not include fees for other work on those claims, such as depositions. The district court corrected the error in its next two orders.

[3]This is the second appeal concerning the district court's award of attorney's fees, expenses, and costs to CRST.

rule in certain types of cases by shifting fees from one party to another." *Fox*, 563 U.S. at 832. "Section 706(k) of Title VII of the Civil Rights Act of 1964 falls into this . . . category, providing as it does that a district court may in its discretion allow an attorney's fee to the prevailing party." *Christiansburg*, 434 U.S. at 416. It provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

"We review for an abuse of discretion a district court's determination of both whether to award attorney's fees and the amount of any such award." *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995) (per curiam). "An abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 818 (8th Cir. 2010) (quoting *Vonage Holdings Corp. v. Neb. Pub. Serv. Comm'n*, 564 F.3d 900, 904 (8th Cir. 2009)). This court "will not disturb a district court's discretionary decision if it remains within the range of choices available, accounts for all relevant factors, does not rely on any irrelevant factors, and does not constitute a clear error of judgment." *Id.* (quoting *Vonage*, 564 F.3d at 904).

"Before deciding whether an award of attorney's fees is appropriate in a given case, . . . a court must determine whether the party seeking fees has prevailed in the litigation." *CRST III*, 136 S. Ct. at 1646. Following the Supreme Court's decision in *CRST III*, it is undisputed that CRST is a "prevailing party."

A. Christiansburg *Standard*

In *Christiansburg*, the Supreme Court set forth "what standard should inform a district court's discretion in deciding whether to award attorney's fees to a successful *defendant* in a Title VII action." 434 U.S. at 417. Once the district court determines that the party seeking fees has prevailed in the litigation, it must next determine whether it

> should exercise its discretion to award fees to the prevailing party. When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's "claim was frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so."

*CRST III*, 136 S. Ct. at 1646 (quoting *Christiansburg*, 434 U.S. at 422). In applying this standard, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case . . . even though [the action was] not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421.

The Supreme Court has cautioned that "a district court [must] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22. "So long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees." *E.E.O.C. v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987) (quoting *Obin v. Dist. No. 9 of Int'l Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir. 1981)).

At the same time, "[t]he award of attorneys' fees lies within the sound discretion of the trial court." *Bass v. Sw. Bell Tel., Inc.*, 817 F.2d 44, 46 (8th Cir. 1987) (quoting *Robinson v. Monsanto Co.*, 758 F.2d 331, 336 (8th Cir. 1985)). As we have previously observed, "[A]lthough in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to blow away

-7-

the smoke screens the plaintiffs had thrown up before the defendants may prevail." *Flowers*, 49 F.3d at 393 (internal quotations omitted).

The EEOC argues that its lawsuit was not frivolous, unreasonable, or without foundation because it (1) reasonably believed that it satisfied Title VII's presuit requirements; (2) reasonably believed that the summary-judgment-dismissed claimants experienced actionable harassment, that CRST was liable for the harassment, and that it could seek relief for claimants harassed more than 300 days prior to Starke's charge; and (3) believed it had a reasonable basis for seeking to use the pattern-or-practice framework.

Having reviewed the district court's detailed order in which it exhaustively explained its rationale for why certain claims brought by the EEOC were frivolous, unreasonable, or without foundation, we conclude that the district court did not abuse its discretion in applying the *Christiansburg* standard. First, the district court reaffirmed its prior findings that the EEOC's failure to satisfy Title VII's presuit requirements satisfied the *Christiansburg* standard for the claims dismissed on this basis. *See CRST IV*, 277 F. Supp. 3d at 1017. The district court's finding that the EEOC's failure to conciliate and investigate the claims was an unreasonable litigation tactic that resulted in frivolous, unreasonable, or groundless claims is consistent with this court's prior observation that the EEOC "*wholly failed* to satisfy its statutory presuit obligations." *CRST I*, 679 F.3d at 677 (emphasis added). The EEOC could not hold a reasonable belief that it satisfied its presuit obligations when it "wholly failed to satisfy" them. *Id.*

Second, the district court exhaustively explained why 71 of the claims dismissed on summary judgment were frivolous, unreasonable, or groundless. *See CRST IV*, 277 F. Supp. 3d at 1021–49. In doing so, it complied with our directive to "make particularized findings of frivolousness, unreasonableness, or groundlessness as to each individual claim upon which it granted summary judgment on the merits

to CRST." *CRST II*, 774 F.3d at 1183. Indeed, the district court denied CRST's request for attorney's fees as to some claims but found that the majority of the claims satisfied the *Christiansburg* standard. *See CRST IV*, 277 F. Supp. 3d at 1021–49. We decline the EEOC's invitation to engage in a de novo review of the facts of each claim and instead conclude that the district court did not abuse its discretion in applying the *Christiansburg* standard to each individual claim upon which it granted summary judgment on the merits to CRST.

Third, we reject the EEOC's argument that it "reasonably sought relief for the remaining women [on summary judgment] based on the pattern-or-practice method of proof." Appellant's Br. at 78. As the district court aptly explained:

> While the EEOC and CRST contest whether the purported pattern-or-practice claim was frivolous, unreasonable or groundless on the purported claim's merits, the court views the claim as frivolous, unreasonable or groundless irrespective of the quantum of evidence that the EEOC adduced in support of it. Neither party addresses the EEOC's failure to properly plead a pattern-or-practice claim in the first instance. Repeatedly throughout the litigation, the court expressed confusion and concern regarding whether a pattern-or-practice claim was actually extant. *See, e.g.*, April 30, 2009 Order (docket no. 197) ("Accordingly, the court assumes without deciding that at least one of two legal principles is true: either (1) § 706 somehow permits the EEOC to pursue a pattern or practice claim and thereby render § 707 a mere redundancy in the law or (2) the EEOC has constructively amended its complaint to assert a § 707 claim against CRST in this lawsuit in addition to its § 706 claim." (footnote omitted)). Then, in 2014, the Eighth Circuit Court of Appeals overturned the court's second fee award, in part, in reiteration of its "prior observation in the [merits] appeal that 'the EEOC did not allege that CRST was engaged in "a pattern or practice" of illegal sex-based discrimination or otherwise plead a violation of Section 707 of Title VII.'" *E.E.O.C. v. CRST Van Expedited*, 774 F.3d at 1179 (internal quotation marks omitted) (quoting *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d at 676 n.13). *As the master of its own*

*complaint, it was frivolous, unreasonable and/or groundless for the EEOC to fail to allege a pattern-or-practice violation and then proceed to premise the theory of its case on such a claim. Claims necessarily premised on the inclusion of this claim are likewise frivolous, unreasonable and/or groundless.*

*CRST IV*, 277 F. Supp. 3d at 1022–23 (alteration in original) (emphasis added).

### B. Fox *Standard*

The EEOC argues that even if some claims were frivolous under the *Christiansburg* standard, the district court nevertheless erred in imposing fees because CRST failed to establish that any fees were incurred solely in defense of a frivolous claim.

In *Fox*, the Supreme Court held "that a court may grant reasonable fees to the defendant" where "the plaintiff asserted both frivolous and non-frivolous claims," "but only for costs that the defendant would not have incurred but for the frivolous claims." 563 U.S. at 829. According to the Court, "a defendant may deserve fees even if not all the plaintiff's claims were frivolous." *Id.* at 834. The defendant's entitlement to fees "remains true when the plaintiff's suit also includes non-frivolous claims." *Id.* While a defendant "is not entitled to any fees arising from these non-frivolous charges," "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." *Id.* Thus, "a court may reimburse a defendant for costs under [§ 2000e-5(k)] even if a plaintiff's suit is not wholly frivolous." *Id.* at 835. "Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Id.* While "a defendant may not obtain compensation for work unrelated to a frivolous claim," a "defendant may receive reasonable fees for work related exclusively to a frivolous claim." *Id.*

"[T]he 'but for' standard [announced in Fox] may in some cases allow compensation to a defendant for attorney work relating to both frivolous and non-frivolous claims." *Id.* at 837. For example, where a plaintiff brings both frivolous and nonfrivolous claims, but only the frivolous charge, if proven, would have resulted in an award of damages, work performed by the defendant's attorney useful to both claims could be properly shifted. *Id.* The Court also recognized that "frivolous claims may increase the cost of defending a suit in ways that are not reflected in the number of hours billed." *Id.* at 838. "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* While "[t]he answers to those inquiries will usually track each other, . . . when they diverge, it is the second that matters." *Id.*

In announcing the *Fox* standard, the Court made clear that "[a] trial court has wide discretion in applying this standard." *Id.* at 829. It additionally emphasized "that the determination of fees 'should not result in a second major litigation.'" *Id.* at 838 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). While the prevailing defendant "must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award,'" the district court "need not, and indeed should not, become [a] green-eyeshade accountant[]." *Id.* (quoting *Hensley*, 461 U.S. at 437). "The essential goal in shifting fees . . . is to do *rough justice*, not to achieve auditing perfection. So trial courts may take into account their *overall sense of a suit*, and *may use estimates* in calculating and allocating an attorney's time." *Id.* (emphases added).

In turn, we must "give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'" *Id.* (quoting *Hensley*, 461 U.S. at 437). Our job is to ensure that the district court "appl[ied] the correct standard," i.e., we "must determine whether the trial court asked and answered" "whether the fees requested would not have accrued but for the frivolous claim." *Id.* at 838–39. The district court "has wide discretion when, but only when, it calls the

game by the right rules." *Id.* at 839. This means that in a suit "involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all." *Id.* at 840–41.

The EEOC argues that CRST failed to satisfy the *Fox* standard because (1) it "conceded it has *no* fee records showing time spent on any particular claimant or even group of claimants"; (2) "[t]he 'per-claimant-average-fee' . . . wrongly swept in large portions of CRST's fees that addressed [the] EEOC's lawsuit as a whole"; and (3) the "EEOC's claims were all inextricably intertwined." Appellant's Br. at 89.

We reject the EEOC's arguments. First, the district court properly articulated the *Fox* standard and acknowledged "*Fox*'s admonition that only those fees attributable to frivolous claims should be awarded." *CRST IV*, 277 F. Supp. 3d at 1052. In addition, it also correctly recognized that "the Supreme Court did not condone the strict, technocratic approach for which the EEOC advocates." *Id.* As to the EEOC's argument concerning CRST's fee records, the Supreme Court made clear that "frivolous claims may increase the cost of defending a suit in ways *that are not reflected in the number of hours billed.*" *Fox*, 563 U.S. at 838 (emphasis added). As the district court explained, CRST was not required "to provide detailed, minute-by-minute documentation of the work it specifically performed on each individual claim that the court has determined are frivolous, unreasonable and/or groundless." *CRST IV*, 277 F. Supp. 3d at 1052. *Fox* does not require a district court to become a "green-eyeshade accountant[]," 563 U.S. at 838, "pour[ing] over the record to calculate each individual claim." *CRST IV*, 277 F. Supp. 3d at 1052. Instead, the district court did "rough justice," *Fox*, 563 U.S. at 838, by

> find[ing] that the general method by which CRST calculated the fees it now seeks was appropriate. CRST took the court's original fee calculation, subtracted the fees which the Eighth Circuit declared could

not be awarded and then created a per-claimant average for the remaining fees. It then calculated the per-claimant average by the number of claims for which it currently seeks fees.

*CRST IV*, 277 F. Supp. 3d at 1052. Affording substantial deference to the district court's determination, *see Fox*, 563 U.S. at 838, we find no error in the district court's "find[ing] that this method properly approximates the amount of fees expended for each claimant." *CRST IV*, 277 F. Supp. 3d at 1052. We are satisfied that the district court "carefully and thoroughly examined the supporting documentation that CRST . . . provided in support of its fee request." *Id.* The district court correctly concluded that such documentation was "adequate to support an award of fees." *Id.*

Second, we reject the EEOC's argument that the district court used a "pro-rata allocation of fees based on the number of claims in lieu of an actual demonstration of what fees were incurred exclusively to defend against a frivolous claim." Appellant's Br. at 91. This case does not fit the mold of a pro rata allocation of claims. For example, in *Harris v. Maricopa County Superior Court*, a former state court employee alleged ten causes of action against his former employer. 631 F.3d 963, 969 (9th Cir. 2011). The district court granted the employer's motion for judgment on the pleadings as to one of the employee's state-law claims. *Id.* It subsequently granted summary judgment to the employer on the remaining claims. *Id.* The employer moved for attorney's fees, and the district court granted in part and denied in part the fee motion. *Id.* at 969–70. On appeal, the Ninth Circuit held that the district court improperly made a "pro-rata allocation of general fees between claims for which a fee award is appropriate and claims for which such an award is not appropriate, *based solely on the number of claims*." *Id.* at 971 (emphasis added).[4]

---

[4]We note that *Harris* was decided prior to *Fox*.

The district court in this case did no such thing. Here, the district court was faced with a substantial number of claims and claimants. It took the original fee award and subtracted from that amount costs found to be unrecoverable. *See CRST IV*, 277 F. Supp. 3d at 1054. The remainder of the award was divided into two categories: an average amount for each claim dismissed on summary judgment and an average amount for each claim dismissed for failure to meet presuit requirements. *Id.* The court then multiplied these averages by the number of claims the district court had previously deemed frivolous, unreasonable, or groundless. Indeed, the district court made clear that it was "*exclud[ing]* . . . from the factor of claims for which the court is granting fees" the EEOC's claims on behalf of seven women that the district court had determined "were not frivolous, unreasonable and/or groundless." *Id.* (emphasis added). Additionally, the district court "reduce[d] this factor by an additional [amount] for the portions of [two other] claims that the court found were not frivolous, unreasonable and/or groundless." *Id.*

Finally, we reject the EEOC's argument that "[f]ees are barred under *Fox* because under EEOC's liability theory, all 154 claims are inextricably intertwined." Appellant's Br. at 95. In compliance with *Fox*, the district court went to extraordinary lengths to calculate the fee award. The district court reviewed CRST's submissions in which CRST "exhaustively walk[ed] through each of the seventy eight individual claims for which it [sought] costs, detailing why . . . *each claim* was frivolous, unreasonable or groundless." *CRST IV*, 277 F. Supp. 3d at 1021 (emphasis added). The district court included tables "for ease of reference, alongside citations to the record demonstrating," *id.* at 1028, 1034, its determinations. *See id.* at 1028–30, 1035–37, 1043–47 (setting forth tables of individual claimants).

As the district court acknowledged, while the resulting fee award "is not based on mathematical precision and nicety," the court calculated the award using a "flexible and commonsense application of the *Fox* standard in light of the realities of

the case, how it was litigated and the court's unique understand[ing] of these proceedings." *Id.* at 1055.

### III. *Conclusion*

We hold that the district court did not abuse its discretion in calculating the fee award. Accordingly, we affirm the judgment of the district court.

_____